UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YUEH-LAN WANG, *by and through her attorney-in-fact*, Winston Wen-Young Wong, <br><br> Plaintiff, <br><br> v. <br><br> NEW MIGHTY U.S. TRUST, NEW MIGHTY FOUNDATION, and CLEARBRIDGE LLC <br><br> Defendants. | Civil Action No. 1:10-cv-01743-JEB <br><br> **DECLARATION OF WILLIAM WONG IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND FOR OTHER RELIEF** |

I, William Wen-Yuan Wong, hereby declare:

1. I submit this Declaration in support of the Defendants' Opposition to the Motion for Leave to File Second Amended Complaint and For Other Relief. As I further explain below, I am one of the Trust Managers who make the day-to-day decisions regarding the operation of the New Mighty U.S. Trust ("NM-US Trust").

2. My father was Yung-Tsai Wang, who along with his brother and my uncle, Yung-Ching Wang ("YC Wang"), were the founders of what is now known as the Formosa Plastics Group ("FPG").

3. On or about May 3, 2005, Clearbidge LLC ("Clearbridge") declared the New Mighty U.S. Trust ("NM-US Trust"). According to the Declaration of Trust, NM-US Trust "is designed to hold, manage and administer interests in Formosa Plastics Corporation, U.S.A. ("FPC-USA"), and any other member of the Formosa Plastics Group of companies for the benefit of one or more of such charities, philanthropic organizations, and Grantors as the Trustees determine to benefit from time to time, pursuant to the Founders' Vision for the betterment of mankind." Clearbridge has served as NM-US Trust's only trustee.

4. I understand that pursuant to the terms of Clearbridge's Company Agreement, Clearbridge is required to establish a trust account to account for the assets for each trust for which it serves as a trustee. Following the formation of NM-US Trust, Clearbridge, as trustee, established the New Mighty U.S. Trust Account to account for the assets of the Trust (the "NM-US Trust Account").

5. Under the terms of the Declaration of Trust, Clearbridge as trustee may delegate "general management and investment powers to others who are not Trustees, to the full extent permissible by law." Clearbridge's Company Agreement addresses Clearbridge's "actions and responsibilities as trustee of the New Mighty U.S. Trust" and pursuant to the Company Agreement the duties as to the trust have been irrevocably assigned to Trust Managers who must be at least 30 years old and have demonstrated "a significant level and depth of knowledge and experience in the business of the Formosa Group Companies." Before taking office, each Trust Manager is required to indicate agreement with the "Wang family spirit, vision and principles" of YC Wang and YT Wang. Pursuant to letters dated May 4, 2005 sent to Donald D. Kozusko, one of the Managers of Clearbridge, I along with Wen Hsiung Hung, Wilfred Wang, Susan Wang and Sandy Wang accepted our appointments as a Trust Manager.

6. These are the only persons who have served as Trust Managers since the NM-US Trust Account was established. Mr. Hung died on December 18, 2015, and no successor has been appointed for Mr. Hung.

7. All of the Trust Managers are located in Taipei, Taiwan and they are assisted, as needed, by a professional staff in Taipei, Taiwan. The Trust Managers have been, and continue to be, responsible for making the day-to-day decisions regarding the operations of the NM-US Trust. This includes, without limitation, decisions regarding when and to whom the

NM-US Trust makes distributions, authorizing NM-US Trust to open banking/brokerage accounts, voting for directors of the companies in which NM-US Trust owns shares and authorizing NM-US Trust to accept assets as trust property.

8. I understand that Defendants are asserting that this case should be dismissed under the doctrine of *forum non conveniens* grounds and re-filed in a Taiwan court. I have conferred with the other three Trust Managers and I can confirm that we unanimously agree that the NM-US Trust will consent to jurisdiction and service of process of this action in Taiwan if the action is dismissed and refiled in a court of competent jurisdiction in Taipei and, in that event, will agree to the following waiver of statute of limitation defenses: NM-US Trust will not assert any statute of limitation defenses in an action refiled in Taiwan that could not have been asserted by Defendants in this action, with the express understanding that Defendants will be permitted to assert before the Taiwan court (1) those statute of limitations defenses that existed as of October 14, 2010 and (2) those statute of limitation defenses arising from Defendants' contentions that because Winston Wong lacked the authority to commence this action under the alleged power of attorney from Yueh-Lan Wang, the filing of the Complaint on October 14, 2010, did not operate to toll any statute of limitations.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 3rd, 2017

_____
WILLIAM WEN-YUAN WONG

3