## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CHIN-TEN HSU, *et al.*, as Executors of the
will of Yueh-Lan Wang,

      Plaintiffs,

        v.

NEW MIGHTY U.S. TRUST, *et al.*,

      Defendants.

Civil Action No. 10-1743 (JEB)

## MEMORANDUM OPINION

On February 2, 2018, this Court issued a Memorandum Opinion addressing whether

Plaintiffs' case should be dismissed under the doctrine of *forum non conveniens*.  Finding that

Taiwan was an adequate alternative forum and that private and public factors counseled in favor

of proceeding in that country, the Court concluded that dismissal was warranted.  At that time,

however, it did not grant Defendants' Motion to Dismiss.  The Court instead retained jurisdiction

in order to offer Plaintiffs the opportunity to propose particular conditions for dismissal.  They

have now done so and Defendants have responded, opposing certain proposals and accepting

others as appropriate terms.  The Court, after considering the positions of both sides, will dismiss

the case pursuant to the conditions set out below.

## I.  Background

Under the doctrine of *forum non conveniens*, a district court considers "the convenience

to the parties and the practical difficulties that can attend the adjudication of a dispute in a certain

locality."  MBI Grp., Inc. v. Credit Foncier du Cameroun, 558 F. Supp. 2d 21, 26-27 (D.D.C.

2008) (quoting Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 429

(2007)). If the court determines that (1) an adequate alternative forum exists and (2) public and/or private factors favor dismissal, it has the discretion to dismiss the case. In doing so, the court may also impose conditions upon its dismissal. See El–Fadl v. Cent. Bank of Jordan, 75 F.3d 668, 677 (D.C. Cir. 1996), abrogated on other grounds by Samantar v. Yousuf, 560 U.S. 305 (2010) (stating that "the district court may dismiss for *forum non conveniens . . .* conditioned on the defendants' submitting to jurisdiction in Jordan and on the Jordanian courts' acceptance of the case"). The latitude in determining such conditions has not been explicitly addressed by this Circuit, but such terms are generally regarded as part and parcel of the district court's broad discretion under FNC. See MBI Grp., 558 F. Supp. 2d at 31–32 (noting that "[t]he D.C. Circuit has expressly authorized" conditional dismissals under FNC) (citing El–Fadl, 75 F.3d at 679); Blanco v. Banco Indus. de Venezuela, S.A., 997 F.2d 974, 984 (2d Cir. 1993) ("*[F]orum non conveniens* dismissals are often appropriately conditioned to protect the party opposing dismissal."); In re Banco Santander Sec.-Optimal Litig., 732 F. Supp. 2d 1305, 1330 (S.D. Fla. 2010), aff'd sub nom. Inversiones Mar Octava Limitada v. Banco Santander S.A., 439 F. App'x 840 (11th Cir. 2011) (district court may impose "conditions designed to prevent prejudice to the plaintiff if the suit is reinstated in the foreign forum").

In its prior Opinion, the Court addressed Defendants' Motion to Dismiss under FNC. The full facts of this case are set out in the earlier Opinions, see Yueh–Lan Wang ex rel. Wong v. New Mighty U.S. Tr. (Wang I), 841 F. Supp. 2d 198 (D.D.C. 2012), rev'd sub nom. Wang by & through Wong v. New Mighty U.S. Tr., 843 F.3d 487 (D.C. Cir. 2016); Yueh–Lan Wang by & through Winston Wen–Young Wong v. New Mighty U.S. Tr. (Wang II), 322 F.R.D. 11 (D.D.C. 2017); Chin-Ten Hsu v. New Mighty U.S. Tr., 2018 WL 834230 (D.D.C. Feb. 12, 2018), and the Court will not repeat them in any depth here. Briefly, however, this case is at bottom a dispute

between the putative heirs of the deceased Taiwanese magnate Y.C. Wang.  See Hsu, 2018 WL
834230, at *1-2.  Defendants, a D.C.-based trust and its affiliates, hold a portion of Y.C.'s assets.
Id.  Plaintiffs, the executors of the will of Y.C.'s wife Yueh-Lan Wang, asserted that these funds
were improperly disbursed and resulted in a "shorting" of Yueh-Lan's marital share of the estate.
Id. at *2.  Contending that resolving this contest involved complex questions of Taiwanese
family and marital law – particularly in light of the multiple women claiming to be Y.C.'s wives
– Defendants moved to have the case dismissed in favor of litigation in Taiwan.  Id. at *3.
Plaintiffs opposed dismissal under FNC, contending that Taiwan was not an adequate alternative
forum and that the public and private interests favored retaining the suit here.

    After a careful analysis, the Court determined that dismissal was the appropriate
outcome.  As the Court concluded, Taiwan was an available and adequate alternative forum, the
private factors tipped slightly in favor of dismissal, and the public factors "tip[ped] sharply in
favor" of such an outcome.  Id. at *12.  In particular, the Court found that there were few local
but "strong Taiwanese" interests at stake, and that resolving the case would "require this Court to
gain a significant level of expertise regarding foreign family and inheritance law, and to resolve a
number of questions of first impression arising under Taiwanese law."  Id. at *12-13.  In light of
such concerns, the Court exercised its broad discretion under FNC and determined that dismissal
was the most practical and convenient course.  Id. at *14.

    It did not, however, actually dismiss the case at that time.  Instead, the Court determined
that, in addition to conditioning "[its] dismissal upon Defendants' continued submission to
Taiwan's jurisdiction and waiver of their statute-of-limitations defenses," it would "provide
[Plaintiffs] with the opportunity to request additional conditions" that would address their
"remaining concerns regarding their ability to re-file in Taiwan."  Id.  The Executors took the

Court up on that offer and, in late February, filed a Memorandum proposing nine conditions for dismissal.  See ECF 53-1 (Pl. Proposed Conditions).  Defendants responded, accepting certain of Plaintiffs' proposals but rejecting and modifying others.  See ECF 54 (Def. Resp.).  The Executors in turn replied with a somewhat edited version of their original terms.  See ECF 55 (Pl. Reply); ECF 55-1 (Pl. Revised Proposed Order).  The Court must now determine which, if any, of these proposed conditions it will apply to its Order of dismissal.

## II.     Analysis

### A.  Consent to Jurisdiction

The first condition at issue is the specific Taiwanese court in which Defendants will submit to service of process and personal jurisdiction, should this case be re-filed overseas.  In its prior Opinion, the Court held that "Taiwan is an available and adequate forum for this suit." Hsu, 2018 WL 834230, at *8.  That determination rested in part upon Defendants' representation that, should Plaintiffs choose to re-file in that country, they would submit to service of process and personal jurisdiction before a Taiwanese court.  Id. at *5-6.  Now, although acquiescing to that condition generally, Defendants ask the Court to limit such consent to service of process and jurisdiction solely before a court in Taipei, Taiwan.  Plaintiffs respond that such geographic specificity is unwarranted and unnecessary.

On this condition, the Court agrees with the Executors.  Although Defendants note that the waivers they submitted refer specifically to Taipei, see ECF Nos. 47-9 (Decl. of Susan Wang), 47-10 (Decl. of William Wong), 47-11 (Decl. of Donald Kozusko), their filings during litigation were not so limited.  Rather, Defendants repeatedly discussed their "concession to service and jurisdiction in Taiwan," ECF No. 47-1 (Motion to Dismiss) at 25, their "declarations agreeing to submit to the jurisdiction of an appropriate court in Taiwan," and their position that

"Taiwan courts will enforce" such agreements. See ECF No. 50 (Def. Reply) at 14-15. This Court similarly referred to Taiwan, rather than Taipei, when assessing the impact of Defendants' waivers on the availability of Taiwanese courts. See Wang II, 322 F.R.D. at 25 (finding that Defendants "effectively concede that they are not amenable to process in Taiwan, but agree in affidavits to submit themselves to its jurisdiction" and that "on [the] Taiwanese personal-jurisdiction issue, such a confession is sufficient to overcome any problems"); Hsu, 2018 WL 834230, at *9 (Defendants "have now consented to . . . foreign jurisdiction" in Taiwan). In light of Defendants' representations throughout this case and the conclusions of the prior Opinions, the Court is satisfied that the equitable outcome is to condition dismissal upon Defendants' consent to service of process and personal jurisdiction in Taiwan generally, rather than Taipei specifically.

The Court also notes that Defendants are unable to provide any legal precedent for conditioning dismissal upon consent to jurisdiction in a foreign city rather than in a nation. Cf. MBI Grp., 558 F. Supp. 2d at 31–32 (conditioning dismissal upon defendants' submitting to jurisdiction in Cameroon); El–Fadl, 75 F.3d at 679 (conditioning dismissal on defendants' submitting to jurisdiction in Jordan). They have, moreover, offered no evidence that Taipei is the only proper venue for Plaintiffs' claims in Taiwan nor given any other rationale for their desire to restrict jurisdiction to a given city. Indeed, such geographic specificity is not required when determining whether a foreign system is available and adequate under FNC; the doctrine instead allows courts to avoid making in-depth inquiries into foreign law. See Hsu, 2018 WL 834230, at *12 (public-interest factors include "the avoidance of unnecessary problems . . . in the application of foreign law"); In re Air Crash Off Long Island, N.Y., on July 17, 1996, 65 F. Supp. 2d 207, 215 (S.D.N.Y. 1999) (noting that "inquiry into foreign jurisdictional law . . . [is]

5

easily obviated by use of the typical conditional dismissal device"). The Court therefore declines to delve into the minutiae of Taiwanese venue provisions or potential distinctions among its various courts. It instead will condition its dismissal upon Defendants' consent to service of process and personal jurisdiction in Taiwan writ large.

B. Waiver of Defenses

The second condition proposed by Plaintiffs addresses Defendants' waiver of statute-of-limitations and other similar defenses. The Executors request that the Court condition its dismissal upon Defendants' waiving "any defenses based on limitations, statute of limitations, statutes of repose and/or laches." Rev. Proposed Order at 1. They propose that this waiver be applied to "any of the claims asserted in the Second Amended Complaint or any additional claims that Plaintiffs assert against Defendants in the Taiwan Action that arise out of the conduct, transactions or occurrences set out – or attempted to be set out – in the Second Amended Complaint as that clause within Rule 15(c) of the Federal Rules of Civil Procedure" has been interpreted by U.S. courts. Id. Although Defendants accept the types of defenses listed in this condition – *i.e.*, those based on limitations, repose, and/or laches – they object to the breadth of the claims to which the waiver would apply. According to Defendants, the waiver of such defenses should be applied only to "the claims asserted in the Second Amended Complaint." ECF 54-1 (Def. Proposed Order).

On this issue, the Court finds that a middle ground between the parties' positions is the appropriate condition. It agrees with the Executors that Defendants' waiver should extend beyond the specific claims explicitly pleaded in the Second Amended Complaint, as Taiwanese law may require Plaintiffs to bring slightly different counts in order to vindicate the same grievances alleged before this Court. The language proposed by Plaintiffs is, however, overly

broad – particularly the phrase regarding those claims "attempted to be set out" in the Second Amended Complaint. The Court will therefore condition its dismissal upon Defendants' waiver of the listed statute-of-limitations and other temporal defenses with respect to those claims asserted in the Second Amended Complaint or substantively congruent claims as pled in accordance with Taiwanese law.

C.   Additional Parties and Power of Attorney

The Executors and Defendants agree as to the former's third and fourth proposed conditions. The third would preclude Defendants from arguing that the case, if re-filed in Taiwan, should be dismissed on the ground that additional necessary or indispensable parties could not be joined to the action. See Proposed Conditions at 2. The fourth states that Defendants will not argue that the case should be dismissed based upon the action in this Court having been commenced by Winston Wen-Young Wong on Yueh-Lan Wang's behalf pursuant to a power of attorney. Id. These conditions are both reasonable and, given the parties' consensus, the Court will include them in its Order of dismissal.

D.   Discovery

As to the Plaintiffs' fifth proposed condition, the parties once more diverge. The Executors assert that this Court should condition its dismissal upon the parties being subject to "pre-trial discovery pursuant to and in accordance with the Federal Rules of Civil Procedure" and upon Defendants' making "available . . . all relevant witnesses and documents to the extent" that such production would be available under the Federal Rules. See Rev. Proposed Order at 2. Defendants respond that this proposal is "wholly unrelated to Plaintiffs' ability to re-file the action in Taiwan," and that their apparent concerns regarding the availability of discovery were already evaluated by this Court in its prior Opinion. See Def. Resp. at 8.

The Court agrees. In assessing the viability of Taiwan as an alternate forum, the previous Opinion examined the availability of discovery and the production of witnesses and relevant materials. Noting that "a foreign forum's restrictive discovery or procedural rules do not render that forum inadequate," the Court determined that the discovery devices available if this case were re-filed in Taiwan, including 28 U.S.C. § 1782, were sufficient so as to render the country a "viable alternative forum." Hsu, 2018 WL 834230, at *7 (internal quotation marks omitted). The Court similarly rejected Plaintiffs' argument that they would be impermissibly hindered in procuring relevant proof and witnesses if they chose to litigate in Taiwan. Id. at *11-12. In light of these findings, the Court sees no need to re-visit the issues of discovery and evidentiary access. It is, moreover, reluctant to reach into the domain of Taiwanese courts in order to impose domestic rules of civil procedure on such foreign proceedings. The Court will subsequently not condition its dismissal upon the use of any particular discovery mechanisms or the consent of Defendants to the production of materials or witnesses.

E. Non-Parties

The Executors next propose that "any non-party to this action that maintains a governing body" made up of the same persons as those who comprise Defendant New Mighty U.S. Trust's "Trust Managers" shall "waive any jurisdictional defenses to the giving of evidence in the Taiwan Action," "consent to the jurisdiction of the Taiwan court," "submit and be subject to pre-trial discovery" in accordance with the F.R.C.P., and "appear for the trial of the Taiwan Action, if called to provide evidence." Rev. Proposed Order at 2-3. Defendants oppose this condition, contending that it is again "unrelated to Plaintiffs' ability to re-file this action in Taiwan," and that this Court "has no jurisdiction over these largely unidentified non-parties" such that it could order compliance with the proposed condition. See Def. Resp. at 8-9. The Court, once more,

sides with Defendants.  The prior Opinion quite clearly gave Plaintiffs "the opportunity to request that additional reasonable conditions be imposed on dismissal" to address "concerns remain[ing] regarding [their] ability to re-file in Taiwan."  Hsu, 2018 WL 834230, at *6.  This was not, contrary to Plaintiffs' apparent interpretation, a *carte blanche* invitation to propose any and all conditions that would benefit the Executors if they proceed there.  The inquiry under FNC – and the analysis in the Court's prior Opinion – is focused on the availability and adequacy of an alternate forum, not the nuances of each party's respective advantages or disadvantages if the suit is brought abroad.  While Plaintiffs may certainly wish to compel non-parties to testify in Taiwan, such a requirement is not a reasonable condition for dismissal in this case.

F.  Enforcement of Judgment

Plaintiffs' seventh condition would require Defendants to "satisfy any judgment rendered against them by the Taiwan Court in the Taiwan Action, without the need for Plaintiffs to seek to domesticate or enforce the judgment."  Rev. Proposed Conditions at 3.  Defendants again respond that this requirement is not an appropriate condition for dismissal.  They contend that the issue of enforceability was already addressed in the Court's prior Opinion and that it is, once more, untethered from the Executors' "ability to re-file this action in Taiwan."  Def. Resp. at 10.

On this issue, Defendants again have the better argument.  The Court already concluded that "enforceability of a foreign judgment is not a necessary condition for FNC dismissal."  Hsu, 2018 WL 834230, at *8.  Beyond not being a requirement for dismissal, it is also one of the only terms that has been held to be improper.  In In re Union Carbide, 809 F.2d 195 (2d Cir. 1987), the Second Circuit held that the district court had erred when it dismissed a case under FNC conditioned upon the defendant's "consent[ing] to the enforcement of a final [foreign]

9

judgment." Id. at 205. Such a condition was improper, the Circuit held, because "the district court's jurisdiction is limited to proceedings before it in this country," and "[o]nce it dismisses those proceedings on grounds of *forum non conveniens*[,] it ceases to have any further jurisdiction over the matter unless and until a proceeding . . . [is] brought here to enforce a" foreign judgment. Id. at 205; see Banco De Seguros Del Estado v. J.P. Morgan Chase & Co., 500 F. Supp. 2d 251, 264 (S.D.N.Y. 2007) (rejecting condition that defendants "consent to enforcement of a judgment against them" under Union Carbide but imposing conditions that defendants submit to jurisdiction and service of process in Uruguay); but see Feenerty v. Swiftdrill, Inc., 706 F. Supp. 519, 524 (E.D. Tex. 1989) (conditioning FNC dismissal upon defendants' agreement "to satisfy any final judgment rendered by a court of competent jurisdiction in the United Kingdom"). Although such precedent is of course not binding on this Court, its reasoning that district courts should avoid "retain[ing] some sort of supervisory jurisdiction" over cases dismissed under FNC is persuasive in light of the intent behind the doctrine – namely, that the case is better brought *in toto* in a different jurisdiction. In re Union Carbide, 809 F.2d at 205. The Court therefore will not condition its dismissal upon any prospective enforcement agreement between the parties.

G. Re-Opening

The next condition proposed by the Executors addresses the circumstances under which this case could be re-filed in the District. Plaintiffs request that if they "determine, in good faith, that any of [the imposed conditions] have not been met or have been violated, [they] may move before this Court to immediately re-open and re-instate this action." Rev. Proposed Order at 3. Defendants rejoin that "there is simply no basis for including such a provision in the dismissal order," as it does not address Plaintiffs' ability to re-file in Taiwan, and it is, moreover, "highly

suggestive" of the inference that the Executors aim to "bring the action back to this Court." Def. Resp. at 10.  Although the Court notes that other cases dismissing under FNC have conditioned dismissal upon a foreign court's actual acceptance of the case, see Delgado v. Shell Oil Co., 890 F. Supp. 1324, 1356–57 (S.D. Tex. 1995), aff'd, 231 F.3d 165 (5th Cir. 2000) (conditioning dismissal "upon acceptance of jurisdiction by the foreign court[]"), it finds that Plaintiffs' proposed language on this issue is overly broad.  Indeed, it fears that relying upon the Executors' "good faith" determination may result in this case boomeranging right back into the District of Columbia.  The Court will therefore not condition its dismissal upon a given standard for re-opening or re-instating this case.

  H. Expiration of Order

  Finally, Plaintiffs propose that the conditions set forth in the Court's forthcoming dismissal Order expire 90 days after either "the issuance of a final judgment on any appeal and any petition taken in this action" or "the expiration of the applicable time period(s) within which to file any such appeal or petition."  Rev. Proposed Order at 4.  Defendants would prefer that the Court instead give the Executors a 45-day window in which to re-file the action in Taiwan.  See Def. Resp. at 11.  The Court on this issue will adopt Plaintiffs' proposed condition, as it is a reasonable request in light of their right to appeal.

**III. Conclusion**

  For the reasons set forth above, the Court will condition its dismissal upon a limited set of reasonable terms.  A contemporaneous Order dismissing this case and setting out such conditions will issue this day.

       /s/ James E. Boasberg
       JAMES E. BOASBERG
       United States District Judge

Date:  <u>April 3, 2018</u>